# NO. 25-3107
_____

## In The United States Court of Appeals For the Ninth Circuit
_____

Aynur Baghirzade,

        Plaintiff-Appellant,

vs.

Armenian National Committee of America, et al.

        Defendants - Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA,

No. 3:24-cv-01077-RSH-MMP
_____

**MOTION TO SUPPLEMENT OR CORRECT RECORDS**
_____

Aynur Baghirzade
Accura Law Firm
7514 Girard Avenue Ste 1 # 1208 La Jolla, CA 92037
Phone: 619-776-4882
contact@aynurlawyers.com

_____

1

# **TABLE OF CONTENTS**

Table of Authorities……………………………………………………….. 3

    I.     INTRODUCTION……………………………………………… 4

    II.    FACTUAL AND PROCEDURAL HISTORY…………………… 5

    III.   ARGUMENTS………………………………………………… 6

    A.    Correcting or supplementing the records under Rue 10 (e) (2) (c) of F.R.A.P. is justified……………………………………………………… 6

    B.    Correcting or supplementing the records under inherent equitable authority of the court is justified………………………………………… 8

    IV.   CONCLUSION …………………………………………………… 9

# **TABLE OF AUTHORITIES**

**Cases:**

*CSX Transp., Inc. v. City of Garden City*,
    235 F.3d 1325, 1330 (11th Cir. 2000)…………………………………………… 8

*Daly-Murphy v. Winston*,
    837 F.2d 348, 851 (9th Cir. 1987)…………………………………………… 7

*Dickerson v. Alabama,*
    667 F.2d 1364, 1367 (11th Cir.)………………………………………….. 8

*Georgia ex rel DeVaney,*
    59 F.3d 1160, 1168 (11th Cir.1995)…………………………………………… 8

*Streeter v. USAA Gen. Indem. Co.,*
    No. CV 20-188-M-DLC, 2023 WL 5207557……………………………………… 7

*United States v. Garcia*,
    997 F.2d 1273, 1278 (9th Cir. 1993)………………………………………….. 7

*Young v. City of Augusta, Georgia ex rel DeVaney,*
    59 F.3d 1160, 1168 (11th Cir.1995)…………………………………………… 8

***Statutes:***

Rule 10 (e) (1) of F.R.A.P.…………………………………………………………… 7

Rule 10 (e) (2) (c) of F.R.A.P.………………………………………………………….. 4, 6

## I. INTRODUCTION

This motion is brought under Rule 10 (e) (2) (c) of F.R.A.P. to correct or supplement the record if anything material to the party is omitted from or misstated in the record by error or accident. Appellant's TAC was erroneously struck by the district court for alleged non-compliance with its order and then the entire action was dismissed, therefore, the TAC, which is central to Appellant's appeal, is not a part of the district court's records. As such, without this court's order Appellant will not be able to include TAC and its draft version she duly filed before with the district court to the excerpts from the records on her appeal, and this court will be deprived of the opportunity to review the crucial evidence to make its decision. This motion is brought also based on inherent equitable authority of this court to supplement the records to advance the principles of truth, fairness and judicial efficiency. District court also didn't inform Appellant on its readiness to send TAC and is draft version to this court for review and it didn't answer to the Appellant's email asking to forward her stricken TAC and its draft version to include them into the records. Inclusion of the TAC to the records is also necessary as the district court after striking Appellant's TAC *sua sponte* went into heavy discussions in its order by claiming that Appellant failed to state a claim (when no motions to

4

dismiss were filed ) and claiming that her TAC is implausible (after Appellant's TAC was struck for alleged noncompliance with the court order). Since one filing of the Appellant disappeared from the district court's docket in the past and was replaced with another without Appellant's involvement (ECF No. 88) and to ensure that this Court has a correct copy of Appellant's filings, Appellant's TAC and its draft version are added here as an Exhibit A and an Exhibit B accordingly - these are the exact copies of the documents which were filed by the Appellant in the district court. Appellant informed Appellees via email sent to them on June 20, 2025, on her willingness to file this motion in case if no stipulation is reached on this matter between parties but got no response to her email. Consequently, Appellant is unaware whether the Appellees will oppose to this motion or not.

## II. FACTUAL AND PROCEDURAL HISTORY

1. On February 27, 2025, district court dismissed Appellant's second amended complaint (SAC) with the leave to amend (ECF No. 176).

2. On April 10, 2025, Appellant duly filed her TAC within the timeframe ordered by court (ECF No. 189).

3. On April 11, 2025, court issued amended summons while Appellant didn't add any new claim or new party (ECF No. 190 ).

5

4.　　On April 12, 2025, Appellant filed a motion to amend/correct asking the court to withhold amended summons as Appellant didn't add any new party or any new claim (ECF No. 191).

5.　　On April 14, 2025, court struck Appellant's TAC and dismissed the action for alleged noncompliance with the court order (*sua sponte*) while claiming at the same time that Appellant allegedly couldn't state a claim and her TAC was implausible (ECF No. 192).

6.　　On May 7, 2025, Appellant filed a motion to alter or modify judgment (ECF No. 200).

7.　　On May 9, 2025, Appellant filed a notice of appeal from the district court's judgment (ECF No. 201).

8.　　On June 19, 2025, Appellant filed an amended notice of appeal from the district court's order denying Appellant's motion to amend or alter (ECF No. 208).

### III. ARGUMENTS

A.　　Correcting or supplementing the records under Rule 10 (e) (2) (c) of F.R.A.P. is justified.

" The record can be corrected or modified by the district court under two circumstances. First, "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference *must* be submitted to and settled by that court and the record conformed accordingly." Fed. R. App. P. 10(e)(1) (emphasis added). Second, "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement *may* be corrected and a supplemental record may be certified and forwarded ... by the district court before or after the record has been forwarded." *Streeter v. USAA Gen. Indem. Co.,* No. CV 20-188-M-DLC, 2023 WL 5207557, at *1 (D. Mont. Aug. 14, 2023). "The Ninth Circuit "has construed [Rule 10(e)(2)] narrowly, holding that normally the reviewing court will not supplement the record on appeal with material not considered by the trial court." *Daly-Murphy v. Winston*, 837 F.2d 348, 851 (9th Cir. 1987); *see also United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir. 1993)" *Id.*

Appellant duly filed TAC and its draft version on April 10, 2025 (ECF No. 189) within the time limits defined by the district court. Appellant's TAC was improperly struck by the district court and this appeal followed, therefore TAC and its draft version filed in the district court are essential for resolution of this appeal and currently are not part of the district court's records. Appellant contacted district court's clerk's office asking them to forward her the TAC and its draft version to make them a part of the records on appeal and got no response, she also doesn't

7

have any information whether these documents will be forwarded to Court of Appeals or not. Appellant is also concerned as one of her documents filed before in the district court disappeared from the docket and was replaced with another without her involvement. This all justifies court issuing the order requesting the district court to certify and supplement the record with TAC and its draft version previously filed by the Appellant in the district court. Copies of the documents filed in the district court are enclosed here as an Exhibit A and an Exhibit B accordingly.

  B. Correcting or supplementing the records under inherent equitable authority of the court is justified.

  In the case *CSX Transp., Inc. v. City of Garden City* court held that "We do, however, have the inherent equitable power to allow supplementation of the appellate record if it is in the interests of justice." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000) by citing *Young v. City of Augusta, Georgia ex rel DeVaney,* 59 F.3d 1160, 1168 (11th Cir.1995). Court further concluded by citing *Dickerson,* 667 F.2d at 1367 case that "A primary factor which we consider in deciding a motion to supplement the record is whether acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of the pending issues." *Id.*

  Here, TAC and its draft version were filed in the district court and it is in the interests of justice to allow them to become a part of the records as they are

8

primarily related to the issues on appeal. Appellant's TAC was struck by the district court and case was dismissed because Appellant allegedly violated court order giving her a limited scope to amend her SAC. Besides, all court orders heavily refer and cite Appellant's TAC and its draft version in the attempt to justify its decision. Supplementing the records by the Appellant's TAC and its draft version would establish beyond any doubt proper resolution of the pending issues.

## IV. CONCLUSION

In lieu of all foregoing, Appellant respectfully asks the Court to correct/ supplement the records by TAC and its draft version enclosed herein as an Exhibit A and an Exhibit B and order the district court to certify them accordingly.

Date: June 25, 2025

Appellant: Aynur Baghirzade

*Aynur Baghirzade*